IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, A DELAWARE CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>5.167 ACRES OF LAND, MORE OR LESS, SITUATED IN ROBERTSON COUNTY, TEXAS; 0.078 ACRES OF LAND, MORE OR LESS, SITUATED IN ROBERTSON COUNTY, TEXAS; PETER AND CAMELLA SCAMARDO, FLP, A TEXAS LIMITED PARTNERSHIP; and TERRA DON PIETRO, LLC, AS GENERAL PARTNER OF PETER AND CAMELLA SCAMARDO, FLP.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 6:17-cv-30 |

## COMPLAINT FOR CONDEMNATION

COMES NOW Union Pacific Railroad Company, a Delaware corporation ("Union Pacific") with eminent domain authority, and files this Complaint for Condemnation, seeking an order of condemnation to acquire fee simple ownership in certain land and temporary easement rights in certain other land from the parties named below (collectively, "Defendants"), and respectfully represents to the Court as follows:

### Jurisdiction And Venue

1. This Court has subject matter jurisdiction over Union Pacific's Complaint pursuant to 28 U.S.C. § 1332(a)(1), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

Page 1

2. Plaintiff Union Pacific is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Nebraska.

3. Defendants "5.167 Acres" and "0.078 Acres" are properties located in the State of Texas. Record title to these properties is vested in Defendant Peter and Camella Scamardo, FLP ("Scamardo FLP"). The citizenship of a limited partnership is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Scamardo FLP's general partner is Defendant Terra Don Pietro, LLC ("Pietro LLC"), a limited liability company organized under the laws of the State of Texas. Pietro LLC's members are Peter L. Scamardo and Camella F. Scamardo, individuals residing in the State of Texas. Therefore, complete diversity exists amongst Plaintiff and Defendants.

4. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, the Court has diversity jurisdiction over this condemnation action. 28 U.S.C. §1332 (a)(1).

5. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this judicial district because the properties subject to this Complaint are situated in Robertson County, Texas. It is in this judicial district where "a substantial part" of the property that is the subject of this action is situated.

## Condemnation Authority

6. Union Pacific files this Complaint to take property under the power of eminent domain and to determine just compensation to be paid to the owners and parties in interest.

7. The authority for the taking is Texas Transportation Code §§ 112.002, 112.052 and 112.053, which grant railroads, such as Union Pacific, the power of eminent domain to use property as necessary for the construction and use of its railway, stations, and other

accommodations necessary to accomplish company objectives; to examine and survey property for the company's proposed railway as necessary to select the most advantageous route for the proposed railway and to enter on the lands or waters of any person or corporation for that purpose; and to acquire by condemnation, land for depots and depot grounds, shops, roundhouses, water supply sites, sidings, switches, spurs, the incorporation of the railroad, the transaction of company business, station buildings, machine and repair shops, the construction of reservoirs for water supply, the right-of-way, or new or additional right-of-way, a change or relocation, a roadbed, the shortening of a line, the reduction of grades, double tracking, the construction and operation of tracks, or any other purpose connected with or necessary to the building, operating, or running of the railroad.

## Identification of Parties

8.      Plaintiff Union Pacific is a railroad company organized and existing under the laws of the State of Delaware and has its principal place of business at 1400 Douglas Street, Stop 1690, Omaha, Nebraska 68179.  Union Pacific is authorized to conduct business in the State of Texas and has eminent domain authority pursuant to Texas Transportation Code § 112.002 et seq.

9.      Defendant "5.167 Acres" is the subject of this Complaint and is the property described in Exhibit A, in which Union Pacific seeks to acquire fee simple ownership.

10.     Defendant "0.078 Acres" is the subject of this Complaint and is the property described in Exhibit B, in which Union Pacific seeks to acquire temporary easement rights.

11.     Defendant Peter and Camella Scamardo, FLP is a limited partnership organized under the laws of the State of Texas and may be served with the Notice of Condemnation and a copy of this Complaint directed to its registered agent, Robert P. Scamardo, at 5718 Westheimer Road,

Suite 1200, Houston, Texas 77057. Scamardo FLP is believed to own or claim an interest in the land described in Exhibits A and B.

12. Defendant Terra Don Pietro, LLC is a limited liability company organized under the laws of the State of Texas and may be served with the Notice of Condemnation and a copy of this Complaint directed to its registered agent, Robert P. Scamardo, at 5718 Westheimer Road, Suite 1200, Houston, Texas 77057. In its capacity as a general partner of Scamardo FLP, Pietro LLC is believed to own or claim an interest in the land described in Exhibits A and B.

13. According to the best of Union Pacific's information, knowledge and belief, the above-persons who carry or may claim an interest in the lands are listed along with their addresses in this Complaint. These are the entities that should be served with the Notices of Condemnation.

## Property to be Taken

14. Union Pacific seeks to acquire fee simple ownership in 5.167 acres of property, located in Robertson County, Texas, more particularly described in Exhibit A, attached and incorporated herein ("Property 1").

15. Union Pacific seeks to acquire temporary easement rights in, to, over, along, upon, under, and across 0.078 acres of property, located in Robertson County, Texas, more particularly described in Exhibit B, attached and incorporated herein ("Property 2").

## Interest to be Acquired

16. Pursuant to the powers and duties granted to and imposed upon it, Union Pacific has determined, through its Board of Directors, that there exists a public necessity for, and has determined that it is necessary to acquire by condemnation or otherwise, fee simple ownership in the surface estate of Property 1, and temporary easement rights in Property 2, as described and more particularly set forth below. The Board of Directors passed a resolution declaring the public necessity and convenience for the acquisitions and authorized the filing of this Complaint

on behalf of Union Pacific.  The property rights sought are for the construction, installation and operation of a road (the "Road") that will provide permanent vehicular access to a freight rail yard and other related rail facilities in Robertson County, Texas (the "Project"), said Road being a necessary and integral part of the Project.  The Project will facilitate both intrastate and interstate freight rail carrier services.  A public necessity exists for the acquisition of fee simple ownership in Property 1 and temporary easement rights in Property 2 in order to accomplish the public purpose of constructing the Road and operating the Project.

17.   Union Pacific seeks to acquire fee simple ownership in Property 1 for the right to construct, maintain, operate, repair, renew, reconstruct, upgrade, improve, and use the Road, which will provide permanent vehicular access to the Project.  Union Pacific seeks to acquire fee simple title to Property 1, together with all and singular the rights and appurtenances thereto in any wise belonging, excluding mineral rights and rights to groundwater or surface water, but including surface rights.

18.   Union Pacific seeks to acquire temporary easement rights in, to, over, along, upon, under, and across Property 2 to facilitate the construction and installation of the Project.  The temporary easement rights and the rights sought in connection with them shall terminate on the latter of the completion of the construction of the Project or two years from the date of filing of this Complaint.  Union Pacific seeks the right to trim and remove trees and brush from Property 2 as it determines is necessary and convenient for the initial construction and installation of the Project.

19.   Union Pacific seeks the right of ingress and egress in, to, over, along, upon, under, and across Property 1 and Property 2 for the above stated purposes.

20. Union Pacific additionally seeks the right to remove from Property 1 and Property 2 any structure, building, or obstruction located within Property 1 and Property 2 which may endanger or which may interfere with the safe, efficient, or convenient operation of the Road or Project, or the right of ingress and egress thereon. Union Pacific also seeks the right to conduct archeological, historical, environmental, and other studies on Property 1 and Property 2 as may be required by any Federal, State, or local law or ordinance.

21. Union Pacific may acquire such rights under Sections 112.002, 112.052 and 112.053 of the Texas Transportation Code.

22. Upon completion of the construction of the Road on Property 1, and upon the termination of the temporary easement rights on Property 2, Union Pacific shall remove and dispose of all trash and litter resulting from Union Pacific's activities conducted thereon.

23. Union Pacific will take these rights subject to all other easements and encumbrances of record burdening Property 1 and Property 2 as of November 8, 2016.

**Rights Retained By Defendants**

24. All oil, gas, and other minerals and water rights owned by the Defendants in, on, and under Property 1 and Property 2 shall be reserved to Defendants; provided, however, Defendants shall not be permitted entry over, across, and upon the surface of, or above the subsurface depth of five hundred feet (500') under, Property 1 and Property 2, as well as any use or occupation thereof, in connection with the exploration, drilling for, investigation, development, production, removal, storage, processing, treatment, transportation, use, sale, or marketing of such oil, gas, and other mineral rights and water rights, or any other right associated therewith.

25. Defendants may extract oil, gas, or other minerals, or water, from and under Property 1 and Property 2 by directional drilling or other means which do not require use of the surface of Property 1 and Property 2 or any depth beneath Property 1 and Property 2 above the subsurface

depth of five hundred feet (500'), or otherwise do not interfere with or disturb Union Pacific's use of Property 1 and Property 2. Defendants shall retain title to all oil, gas, and other minerals, and water rights, owned by the Defendants subject to these aforementioned rights in Union Pacific and may make any use of the oil, gas, and other minerals and water rights owned by the Defendants that are not prohibited herein or that will not interfere with the construction, maintenance, operation, repair, renewal, reconstruction, upgrading, improvement, and use of said Road, Project, and/or related improvements.

## Negotiations

26.     Union Pacific would further show that, acting by and through its agent, Union Pacific has made a bona fide attempt to acquire the property rights referenced herein voluntarily, as provided in Section 21.0113 of the Texas Property Code. Defendants have not accepted the offer, and, therefore, Union Pacific and Defendants have been unable to agree upon the value of the property rights or privileges or upon the damages, if any, to Defendants and to said properties and property rights.

27.     Union Pacific has provided the Landowner's Bill of Rights statement to the Defendants as prescribed by Section 21.0112 of the Texas Property Code.

## Texas Property Code Disclosure

28.     Pursuant to Texas Property Code Section 21.023, disclosure is hereby made that Defendants' heirs, successors, or assigns may be entitled to repurchase the property and property rights to be acquired by Union Pacific pursuant to this action, in accordance with Subchapter E of the Texas Property Code, or request from Union Pacific certain information relating to the use of the property and any actual progress made toward that use, and the repurchase price shall be the price paid to the Defendants by Union Pacific hereunder through the exercise of eminent domain.

## **Prayer**

For the reasons set forth above, Plaintiff demands judgment:

a) condemning for fee simple ownership in a certain 5.167 acres of property, as identified and more particularly described in Exhibit "A" hereto;

b) condemning temporary easement rights in a certain 0.078 acres of property, as identified and more particularly described in Exhibit "B" hereto;

c) determining and awarding just compensation; and

d) make and enter in this cause such other and further orders and decrees as may be necessary or proper in the premises.

Dated: February 1, 2017.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
100 Congress Avenue, Suite 1100
Austin, Texas  78701
(512) 236-2000 – Tel
(512) 236-2002 - Fax

*/s/ Susan Dillon Ayers*_____
Susan Dillon Ayers
sayers@jw.com
State Bar No. 24028302
Andrew J. McKeon
amckeon@jw.com
State Bar No. 24092810

Gaines West
gaines.west@westwebblaw.com
State Bar No. 21197500
**West Webb Allbritton & Gentry**
1515 Emerald Plaza
College Station, Texas 77845
(979) 694-7000 – Tel
(979) 694-8000 – Fax

ATTORNEYS FOR PLAINTIFF,
UNION PACIFIC RAILROAD COMPANY

## DESIGNATION OF PLACE OF TRIAL

COMES NOW, Plaintiff, Union Pacific Railroad Company, and designates Waco, Texas as the place of trial for this action.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
100 Congress Avenue, Suite 1100
Austin, Texas  78701
(512) 236-2000 – Tel
(512) 236-2002 - Fax

*/s/ Susan Dillon Ayers*_____
Susan Dillon Ayers
sayers@jw.com
State Bar No. 24028302
Andrew J. McKeon
amckeon@jw.com
State Bar No. 24092810

Gaines West
gaines.west@westwebblaw.com
State Bar No. 21197500
**West Webb Allbritton & Gentry**
1515 Emerald Plaza
College Station, Texas 77845
(979) 694-7000 – Tel
(979) 694-8000 – Fax

ATTORNEYS FOR PLAINTIFF,
UNION PACIFIC RAILROAD COMPANY